ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 JUN 21 AM 11:03
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| TEDRICK WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 313-038 |
| ) | |
| Lieutenant FNU O'NEAL, in his individual ) | |
| and official capacity, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Johnson State Prison in Wrightsville, Georgia, originally brought the above-captioned case pursuant to 42 U.S.C. § 1983 in the Middle District of Georgia. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Accordingly, District Judge Hugh Lawson screened Plaintiff's complaint on June 6, 2013. (See doc. no. 7.) Plaintiff originally named the following Defendants: (1) Lieutenant O'Neal, a Prison Corrections Supervisor at Johnson State Prison, and (2) Shevondah Fields,

an Inmate Affairs Investigator with the Georgia Department of Corrections. (Doc no. 1, pp. 1, 4.) Judge Lawson dismissed Plaintiff's claims against Shevondah Fields without prejudice, however, for failure to state a claim upon which relief may be granted, and she was terminated from this case. (See doc. no. 7, pp. 2-3.) Because Plaintiff's remaining claim concerned events that allegedly transpired in Johnson County, Georgia, and was made against Defendant O'Neal, who resides in Johnson County, Judge Lawson transferred the action to this District. (See id.) The Court will now screen Plaintiff's remaining claim against Defendant O'Neal.[1]

## I. BACKGROUND

Plaintiff alleges that, on January 8, 2013, Defendant O'Neal "unlawfully sexually battered" Plaintiff when he walked up to him and said "I know that you can suck a mean dick with the way you suck your lips." (Doc. no. 1, p. 4.) Plaintiff indicates that he is proceeding against Defendant O'Neal in his individual and official capacities, and he seeks monetary damages and declaratory and injunctive relief. (Id. at 1, 5.)

## II. DISCUSSION

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, Plaintiff remains liable for the full $350.00 filing fee as explained in Judge Lawson's June 6th Order. (Doc. no. 7, pp. 1-2.)

Plaintiff's complaint fails to state a viable § 1983 claim against Defendant. As noted above, Plaintiff alleges that Defendant made a sexually suggestive remark to him.

Under Eleventh Circuit law, "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006). A plaintiff seeking to establish a valid Eighth Amendment sexual abuse claim must satisfy two requirements, one of which is objective and the other subjective. The objective component requires that the conduct at issue cause an injury that is "objectively, sufficiently serious," meaning an injury that is "more than *de minimis*." Id. (quoting Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997), and Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002)). The subjective component "requires the prison official have a 'sufficiently culpable state of mind.'" Id. (quoting Boddie, 105 F.3d at 861).

Here, Plaintiff has alleged that Defendant made a single verbal statement with sexual language and connotations, which plainly falls short of severe or repetitive sexual abuse. Moreover, Plaintiff has alleged no injury, physical or otherwise, resulting from the purported incident. Plaintiff therefore fails to satisfy the objective component of the applicable standard in that he has not alleged any injury, let alone an injury of sufficient gravity to establish an Eighth Amendment violation. See Boxer X, 437 F.3d at 1109, 1111 (concluding that female prison guard's sexual solicitation of a male prisoner, "even under the threat of reprisal, [did] not present more than *de minimis* injury," where alleged conduct occurred repeatedly over span of several months); see also Allen v. McDonough, No. 4:07-CV-469-

3

RH-GRJ, 2011 WL 4102525, at *5 (N.D. Fla. Aug. 17, 2011) (collecting cases in support of the proposition that "one incident of non-violent harassment alone [is] not sufficient to meet the cruel and unusual punishment standard"), *adopted by* 2011 WL 4103081 (N.D. Fla. Sept. 14, 2011). Accordingly, Plaintiff's complaint fails to state a viable claim of sexual abuse against Defendant. As Plaintiff offers no other allegations against Defendant, and as his claims against Shevondah Fields have already been dismissed from this case, his complaint is due to be dismissed for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of June, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

4